# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Robert W. Johnson,<br><br>                    Plaintiff<br><br>v.<br><br>County of Onondaga, et al.,<br><br>                    Defendants | Case No. 2:25-cv-01182-CDS-EJY<br><br>**Order Accepting Magistrate Judge's Report and Recommendation and Closing Case**<br><br>[ECF No. 4] |

Plaintiff Robert Johnson initiated this action on June 30, 2025, by filing a complaint but failed to submit an application to proceed *in forma pauperis* (IFP) or, in the alternative, pay the civil case filing fee. ECF No. 1. So United States Magistrate Judge Elayna J. Youchah ordered Johnson to either file an IFP application or pay the $405 filing fee. Order, ECF No. 3. Johnson did not comply or otherwise respond by the November 24, 2025 deadline so Judge Youchah issued a report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 4.

Johnson had fourteen days—until January 27, 2026—to file any specific, written objections to the magistrate judge's R&R. *Id.* at 2 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline also passed, and no objection is filed. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless make an independent review here. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. § 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a

district court to authorize the commencement of a civil action through an IFP application. *Id.* at § 1915(a)(1). Indeed, I find that the record demonstrates that, despite an opportunity to do so, Johnson did not submit an IFP application or pay the civil filing fee.

I.    Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Johnson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives

before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order is futile, and setting another deadline is not a meaningful alternative given these circumstances. This litigation cannot move forward without the participation of the plaintiff. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II.        Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 4] is accepted and adopted in full**, therefore Johnson's complaint is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: February 4, 2026

_____
Cristina D. Silva
United States District Judge